**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

RONALD HAWKINS, JR., #53756-083,

        Petitioner,

v.                                                                     ACTION NO.
                                                                         2:04cv574

UNITED STATES OF AMERICA,

        Respondent.

**UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. §2241. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Court recommends denying Ronald Hawkins, Jr.'s petition for writ of habeas corpus.

**I. STATEMENT OF THE CASE**

**A. Background**

On March 25, 2002, petitioner Ronald Hawkins, Jr. ("Hawkins") pled guilty and was convicted in the Eastern District of Virginia of conspiracy to distribute and possession with intent to distribute cocaine and cocaine base. He was sentenced on July 1, 2002, to a term of 210 months imprisonment. The sentence was later amended on April 28, 2004, pursuant to a downward

departure motion by the government.

Hawkins, presently in federal custody in FCI Petersburg in Petersburg, Virginia, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on September 27, 2004. On March 31, 2005, respondent filed a response.

### B. Grounds Alleged

Hawkins asserts he is entitled to relief under 28 U.S.C. § 2241 because the Court assessed a firearm sentencing enhancement against him in violation of the Sixth Amendment of the United States Constitution and the Supreme Court's holding in Blakely v. Washington, 542 U.S. 296 (2004).

### II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

Hawkins asserts his sentence, which included a two-point firearm enhancement, violates his Sixth Amendment rights under the holding in Blakely. In Blakely, the Supreme Court held that when a defendant pleads guilty, the state can only seek sentencing enhancements when the defendant "either stipulates to the relevant facts or consents to judicial factfinding." 542 U.S. 296, 124 S. Ct. 2531, 2541 (2004).[1] Hawkins asserts his plea agreement did not include the facts later relied upon by the sentencing judge to apply the firearm enhancement, resulting in a sentence that is unconstitutional.

---

[1] After Hawkins filed his petition on September 7, 2004, the Supreme Court held that Blakely applies to federal sentencing guidelines. United States v. Booker, --- U.S. ---, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). In Booker, the Supreme Court issued a two-part decision. In the first part, the Supreme Court held that the mandatory sentencing guidelines violated a defendant's Sixth Amendment right to a jury trial because a judge, not a jury, determines facts which could increase the defendant's sentence beyond the sentence which could be imposed based on jury fact finding. In the second part of the decision, the Supreme Court severed the unconstitutional provisions from the Sentence Reform Act and made the guidelines advisory and established an unreasonableness standard of review for sentences on appeal.

To challenge the constitutionality of his sentence, Hawkins should have filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Instead, Hawkins filed this petition under 28 U.S.C. § 2241. The Court can address Hawkins's petition filed pursuant to 28 U.S.C. § 2241 only if 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality of [Hawkins's] detention." 28 U.S.C. § 2255. The Fourth Circuit addressed this issue in In re Jones, 226 F.3d 328 (4th Cir. 2000), and concluded § 2255 is inadequate and ineffective to test the legality of a prisoner's detention when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions[2] of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333-34. Hawkins's petition must meet each of the three prongs for this Court to entertain his § 2241 petition.

Hawkins's petition fails the second and third prongs of the In re Jones test. With respect to the second prong, a review of current federal law clearly shows conspiracy with intent to distribute cocaine and cocaine base are still punishable crimes. See 21 U.S.C. § 841. As to the third prong, Blakely is a new rule of constitutional law. See Lilly v. United States, 342 F. Supp.2d 532 (W.D.Va.2004)(holding Blakely is a new rule of constitutional law which does not apply

---

[2] The "gatekeeping" requirements provide that an individual may only file a second or successive § 2255 motion if the claim sought to be raised presents:
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255; See Jones, 226 F.3d at 330.

retroactively to cases on collateral review); see also United States v. Beatty, 103 Fed. Appx. 785, 2004 WL 1759028, *1 (4th Cir. August 5, 2004) (unpublished) (holding "Blakely does not apply in the Section 2255 context").[3] Hawkins's petition fails two of the three prongs of the In re Jones test. As a result, § 2255 was not inadequate and ineffective to test the legality of Hawkins's detention, and § 2241 is not an available method of addressing his Blakely claim.

As the Court may not consider Hawkins's claim under § 2241, the Court will construe his petition as a § 2255 motion. Presumably, Hawkins filed his petition under 28 U.S.C. § 2241 to avoid the one-year statute of limitations contained in 28 U.S.C. § 2255, because Hawkins's one-year statute of limitations for filing a 28 U.S.C. § 2255 claim has expired. The statute provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255. Hawkins was sentenced on July 1, 2002, following his plea of guilty, and did not appeal his conviction. Therefore, Hawkins's conviction became final on July 1, 2002, the date judgment was entered. See United States v. Sanders, 247 F.3d 139 (4th Cir. 2001) (citing United

---

[3] In the related Booker case, the Supreme Court held the decision applied to cases on direct appeal, implying the decision would not have retroactive application to cases on collateral appeal. See Booker, 125 S. Ct. 738, 769 (2005).

States v. Torres, 211 F.3d 836 (4th Cir. 2000)).  Further, the amended judgment entered on April 28, 2004, following the government's motion to reduce Hawkins's sentence, does not re-set the limitations period. See Sanders, 247 F.3d 139.  Hawkins's one-year limitations period for filing his § 2255 motion expired on July 1, 2003, over one year prior to his filing the present petition. Therefore, his § 2255 motion is barred by the statute of limitations.

A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate." See In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997).  Consequently, Hawkins may not file his claim under § 2241, and his § 2255 motion is time-barred.  This Court recommends denying Hawkins's petition.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Hawkins's petition for writ of habeas corpus be DENIED.

Hawkins's request for an evidentiary hearing is hereby DENIED.

### IV.  REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days

permitted by Rule 6(e) of said rules. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

  2. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

  The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia

July 18, 2005

## **CLERK'S MAILING CERTIFICATE**

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Ronald Hawkins, Jr., #53756-083
FCI Petersburg
P.O. Box 1000
Petersburg, VA 23804-1000


Laura M. Everhart, Esq.
United States Attorney's Office
101 W. Main St.
Suite 8000
Norfolk, VA 23510



                                          Elizabeth H. Paret, Clerk


                            By _____
                                   Deputy Clerk

                                July    , 2005